**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MARK A. JEFF (#367139)** | **CIVIL ACTION** |
| **VERSUS** | |
| **ANGOLA STATE PRISON, ET AL.** | **NO. 10-0229-FJP-DLD** |

### NOTICE

     Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

     In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

     ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

     Signed in Baton Rouge, Louisiana, on October 21, 2011.

**MAGISTRATE JUDGE DOCIA L. DALBY**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

MARK A. JEFF (#367139)                                    CIVIL ACTION

VERSUS

ANGOLA STATE PRISON, ET AL.                              NO. 10-0229-FJP-DLD

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Motion to Dismiss of defendant Grady Gagnard, rec.doc.no. 18. This motion is opposed.

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against LSP and Msgt. Grady Gagnard, complaining that defendant Gagnard violated the plaintiff's constitutional rights on November 19, 2009, by subjecting the plaintiff to a sexual assault. Specifically, the plaintiff alleges that defendant Gagnard escorted the plaintiff to the prison restroom on that date, purportedly to conduct a search, and once there, pulled down the plaintiff's pants and performed oral sex on the plaintiff. The plaintiff further complains that prison officials thereafter charged and punished him in connection with false disciplinary charges and that prison officials have threatened and intimidated him in an attempt to induce him to withdraw his allegations against defendant Gagnard.

Defendant Gagnard first moves to dismiss this action based on an asserted lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Specifically, the defendant alleges that the plaintiff has asserted only a "state law claim of sexual assault", for which there is no federal question jurisdiction.

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." Home Builders Ass'n of Miss., Inc. v. City of Madison, 143 F.3d 1006 (5th Cir. 1998), quoting Nowak v. Ironworkers Local 6 Pension Fund, 81

F.3d 1182 (2nd Cir. 1996). "[T]here is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." Coury v. Prot, 85 F.3d 244 (5th Cir. 1996).

"Attacks on subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) come in two forms: 'facial attacks' and 'factual attacks'." Garcia v. Copenhaver, Bell & Assics., M.D.'s, P.A., 104 F.3d 1256 (11th Cir. 1997), citing Lawrence v. Dunbar, 919 F.2d 1525 (11th Cir. 1990). See also Williamson v. Tucker, 645 F.2d 404 (5th Cir.), cert. denied, 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981). "A 'facial attack' on the complaint requires the court merely to look and see if plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." Menchaca v. Chrysler Credit Corp., 613 F.2d 507 (5th Cir.), cert. denied, 449 U.S. 953, 101 S.Ct. 358, 66 L.Ed.2d 217 (1980). The instant motion presents a "facial attack".

The plaintiff's complaint in the instant case does not invoke any specific statutory authorization to support subject matter jurisdiction. Nevertheless, "where a complaint fails to cite the statute conferring jurisdiction, the omission will not defeat jurisdiction if the facts alleged in the complaint satisfy the jurisdictional requirements of the statute." Hildebrand v. Honeywell, Inc., 622 F.2d 179 (5th Cir. 1980). See also Reich v. Tiller Helicopter Services, Inc., 8 F.3d 1018 (5th Cir. 1993) (finding that a federal statutory cause of action may be pleaded without citation to the specific federal statute under which the claim is asserted). If the allegation of jurisdiction is insufficient but jurisdiction may be inferred from facts pleaded in the complaint, the motion to dismiss must be denied. Wright & Miller, Federal Practice and Procedure: Civil 2d § 1350 (1990). Moreover, the district court has a duty to read the complaint liberally and determine whether the facts set forth justify its assumption of jurisdiction. Fed.R.Civ.P 8(a).

"[F]ederal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998) (citations omitted). Federal question jurisdiction is appropriately

invoked when the plaintiff pleads a colorable claim "arising under" the Constitution or laws of the United States.  Arbaugh v. Y&H Corporation, 546 U.S. 500, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006).  Indeed, "[t]he assertion of a claim under a federal statute alone is sufficient to empower the District Court to assume jurisdiction over the case ...."  Cervantez v. Bexar County Civil Service Commission, 99 F.3d 730 (5th Cir. 1996), quoting Holland/Blue Streak v. Barthelemy, 849 F.2d 987 (5th Cir. 1988).

In the instant case, the plaintiff's allegations are presented on a form for the assertion of claims brought pursuant to the federal civil rights statute, 42 U.S.C. § 1983.  The Court finds that this statutory reference in the Complaint, together with the fact that the plaintiff alleges facts in the Complaint which may readily be interpreted as asserting claims arising under (1) the Eighth Amendment's prohibition against cruel and unusual punishment, see, e.g., Copeland v. Nunan, 250 F.3d 743 (5th Cir. 2001) (recognizing that "sexual assaults against inmates by prison guards" may be actionable under the Eighth Amendment"), and (2) the First Amendment's prohibition against retaliation in response to the assertion of a constitutional right, are sufficient to assert federal subject matter jurisdiction in this case.  See Cervantez v. Bexar County Civil Service Commission, supra.  Accordingly, the defendant's motion should be denied in this respect.

The defendant also seeks dismissal of the plaintiff's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Pursuant to this Rule, a Complaint is subject to dismissal if a plaintiff fails "to state a claim upon which relief can be granted."  In Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and more recently, in Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss under Rule 12(b)(6).  Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level".  Bell Atl. Corp. v. Twombly, supra.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, supra.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  Id. It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n] – that the pleader is entitled to relief.'"  Id.  Where a Complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief."  Id.

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint."  Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007).  Further, "[a] document filed pro se is to be liberally construed ... and a pro se Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  Id. (citations omitted). Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation," or "naked assertions [of unlawful conduct] devoid of further factual enhancement."  Id. (internal quotation marks omitted).

Initially, to the extent that the defendant seeks dismissal of the plaintiff's claim for monetary damages asserted against the defendant in the defendant's official capacity, this contention appears to have merit.  Although the plaintiff's Complaint is unclear as to whether he has named the defendant in the defendant's individual and/or official capacity, this Court liberally interprets the pleadings of pro se litigants and has generally found, where there is any ambiguity, that the plaintiff has named the defendants in both capacities.  Notwithstanding, the Eleventh Amendment to the United States Constitution prohibits a person from bringing a lawsuit in federal court which seeks monetary damages from a state, its agencies, or persons acting as official representatives thereof. Specifically, in Hafer v. Melo, 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991), the United States Supreme Court addressed the distinction between official capacity and individual capacity claims and made clear that a claim asserted against a state official in his official capacity for monetary damages is treated as a claim against the State and is therefore barred by the Eleventh

Amendment. Thus, the plaintiff's claim asserted against the defendant in the defendant's official capacity is subject to dismissal for this reason. In contrast, a suit against a state official in his individual capacity, seeking to impose <u>personal</u> liability upon the official for actions taken by the official under color of state law, is not treated as a suit against the state. <u>Id.</u> Thus, a showing by the plaintiff that the defendant state official, acting individually and under color of state law, caused the deprivation of the plaintiff's federal rights, is enough to establish personal liability in a § 1983 lawsuit.

Accordingly, the plaintiff's claim asserted against the defendant in the defendant's individual capacity remains viable and should be allowed to proceed.[1]

Turning to the defendant's remaining argument that the plaintiff's individual-capacity claims are subject to dismissal for failure to state a claim upon which relief may be granted, the Court concludes that this argument must be rejected. The defendant give exceedingly short shrift to this argument in his memorandum, asserting only that the plaintiff's claim is one of an "alleged criminal act of Sexual Assault" and that "[t]here are no constitutional violation claims expressed" by the plaintiff. As noted above, however, the plaintiff's factual allegations are sufficient to assert claims of retaliation and cruel and unusual punishment under the First and Eighth Amendments to the United States Constitution. Accordingly, there is no basis for the grant of the defendant's motion in this regard.

Finally, the Court notes that the plaintiff has named the Louisiana State Penitentiary as a defendant herein. Pursuant to 28 U.S.C. § 1915(e), this Court is authorized to dismiss an action or claim brought in forma pauperis if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e). <u>See also</u> <u>Green v. McKaskle</u>, 788 F.2d 1116 (5th Cir. 1986). An in forma pauperis claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. <u>Denton v. Hernandez</u>, 504 U.S. 25, 112 S.Ct.

---

[1]     In addition, a state official in his or her official capacity, when sued for <u>injunctive</u> relief, is not a prohibited defendant because official capacity actions for prospective relief are not treated as actions against the state. <u>Will v. Michigan Department of State Police</u>, 491 U.S. 58, 71, 109 S.Ct. 2304, 2311, 105 L.Ed.2d 45 (1989). <u>See also</u> 15 Am.Jur.2d Civil Rights § 101.

1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995). A § 1915(e) dismissal may be made at any time, before or after service of process and before or after an answer is filed. Green v. McKaskle, supra.

The plaintiff fails to state a claim relative to the Louisiana State Penitentiary. Under Rule 17(b) of the Federal Rules of Civil Procedure, the capacity of an entity such as LSP to sue or be sued is determined by the law of the state in which the district court sits, Darby v. Pasadena Police Dept., 939 F.2d 311 (5th Cir. 1991). Further, pursuant to 42 U.S.C. § 1983, only a "person" may be sued for the violation of an inmate's constitutional rights. The Louisiana State Penitentiary is not a person within the meaning of this statute. See, e.g., Castillo v. Blanco, 2007 WL 2264285 (E.D. La., Aug. 1, 2007) (holding that a state prison is not a person within the meaning of this statute). See also Glenn v. Louisiana, 2009 WL 382680 (E.D. La., Feb. 11, 2009) ("[a] jail is merely a building, not a 'person' subject to suit under 42 U.S.C. § 1983"). Accordingly, the plaintiff fails to state a cause of action relative to LSP, and this defendant is entitled to dismissal from this proceeding as a matter of law.

## **RECOMMENDATION**

It is recommended that the plaintiff's claim asserted against the Louisiana State Penitentiary be dismissed, with prejudice, pursuant to 28 U.S.C. § 1915. It is further recommended that the defendant's Motion to Dismiss, rec.doc.no. 18, be granted in part, dismissing the plaintiff's claims for monetary damages asserted against the defendant in the defendant's official capacity, and that this action be referred back for further proceedings.

Signed in Baton Rouge, Louisiana, on September 21, 2011.

**MAGISTRATE JUDGE DOCIA L. DALBY**